643 P.2d 21

Carol WICHITA and Jerome Wichita,
wife and husband,
Plaintiffs/Appellants,

v.

PIMA COUNTY, a body politic and corpo-
rate; Katie Dusenberry, Sam Lena, Con-
rad Joyner, E. S. "Bud" Walker and
David Yetman, Members of the Pima
County Board of Supervisors; and Aline
Massey, Administrator of Posada Del
Sol Nursing Home, Defendants/Appel-
lees.

No. 2 CA–CIV 4100.

Court of Appeals of Arizona,
Division 2.

Feb. 9, 1982.

Rehearing Denied March 10, 1982.

Review Denied April 6, 1982.

Frank W. Frey, Tucson, for plaintiffs/ap-
pellants.

Stephen D. Neely, Pima County Atty. by
John Gabroy, Deputy County Atty., Tucson,
for defendants/appellees.

## OPINION

HATHAWAY, Judge.

This is an appeal from a summary judg-
ment in favor of the defendant employers
in the wrongful discharge of the plaintiff.
The case has been complicated by the insti-
tution of two actions in the superior court
arising out of the incident and the settle-
ment of one of the actions.

Carol Wichita was director of nursing at
the county-owned Posada del Sol nursing
home for three years. After being fired,

she pursued the grievance and appeal procedures set out in Pima County Ordinance 1975–36 and Pima County Merit System Rules 12 and 13. The merit commission found that she had been fired without cause and ordered reinstatement and back pay. Her employers sought judicial review of the commission decision by filing an action in the superior court, cause number 172501. That action is authorized by ordinance 1975–36 and proceeds under A.R.S. § 12–901 et seq., the Judicial Review of Administrative Decisions statutes. In a counterclaim to this action, Wichita alleged damages for lost wages, emotional distress, injury to her professional reputation, incidental expenses and attorney's fees. When the counterclaim was dismissed as not authorized under the administrative review act, Wichita instituted another action in superior court. In cause number 174941, Wichita alleged wrongful discharge, sounding in both tort and contract, and prayed for the same damages set forth in her counterclaim in the other suit.

The trial court subsequently denied the county's appeal in the administrative review action (# 172501). The county and Wichita entered into a settlement agreement in that cause. The agreement, however, stated that the parties "specifically reserve the right to litigate those issues raised in Civil No. 174941." That case was decided against Wichita on summary judgment and it is from # 174941 that she appeals.

This case, though prosecuted against a governmental entity, does not involve constitutional wrongful discharge issues. Rather, it is based on principles of contract and tort law.

■ Ordinance 1975–36 and the merit system rules state that a county employee "with permanent status," such as Wichita, may be fired only for good cause. This promise became part of the employment contract between Wichita and the county. The ordinance and rules, however, also provided the remedy—a grievance procedure and appeal to the merit commission, whose decision "shall be final." Ordinance 1975–36, § 19. A separate action for wrongful discharge, either in tort or contract, is therefore not supportable. *Cf., Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

■ Because we hold that Wichita's complaint was properly dismissed, she is not entitled to attorney's fees as an incident to the instant action under any theory. She argues, however, that her claim to attorney's fees and transcript costs incurred in defending the judicial review action, # 172501, can alone support her complaint in this action, under the authority of A.R.S. § 12–341.01. We do not believe that this statute grants a litigant the right to pursue a cause of action based solely on attorney's fees. There is no support in the common law or through statutory construction for such an interpretation. *See Johnson v. Fidelity & Casualty Co. of New York*, 201 So.2d 177 (La.App.1967).

■ Wichita argues one remaining theory by which attorney's fees may be awarded. Where the fees are incurred in prior litigation as a result of a tort or breach of contract, the plaintiff may institute a separate action and claim the fees as a primary element of damages. *See generally* D. Dobbs, Handbook on the Law of Remedies, § 3.8 at 195–97 (1973). The county argues, correctly, that this kind of action can only be pursued where the plaintiff's expenses were incurred in litigation with someone other than the defendant. Here, the expense arose from defending a prior suit brought by the county. Wichita concedes that this rule would bar her recovery but urges us to make an exception because there is no reason for the rule. We decline to do so.

■ The general rule is that each party to a lawsuit must pay his own way. Exceptions are few: (1) Where contracting parties provide otherwise; (2) where a statute allows the award; (3) where the losing party has been guilty of vexatious litigation or (4) where the defendant has generated litigation between the plaintiff and a third party. The policy behind the rule is stated by Professor Dobbs, supra, at 201–202:

"In the first place, the losing party is not necessarily in any sense a wrongdoer, even of the substantive law claim he pursues or defends. And even if he has committed some tort for which he is liable, it does not follow that his defense (or claim) is a dishonest one. It is desirable to keep courts open for the litigation of disputes of all sorts. The plaintiff who honestly brings a claim is entitled to the use of the courts even though the claim may be turned down; the defendant who honestly presents a defense, is equally entitled to use the courts for that purpose, even though it turns out that, in the eyes of judge or jury, the defense was not meritorious. The honestly suing plaintiff or the honestly defending defendant will be forced to pay court costs and his own attorneys' fees if he loses. To superadd the burden of unknown amounts of fees for his opponent may discourage his legitimate use of the courts as resolvers of controversies. At any rate, this is one of the fears behind the present rule.

Related closely to this idea is the idea that, except in the case of those who wrongly use the judicial process for harassment, dishonest claims or defenses or the like, the cost of litigation is a private cost. The fact that one party is found to be 'wrong' in some sense in breaching a contract or committing a tort, does not mean he was 'wrong' in litigating the issues. Litigation cost, including lawyer's fees, investigation costs, and similar expense, can be seen as the cost a man must pay to protect or insure his property or money. People who have property or money are likely to spend money in procuring insurance, locks, caretakers and other protective devices, to prevent its theft or injury. When the theft or injury occurs, they are likely to spend money in hiring lawyers. No one is very shocked by the idea that money must be spent to protect property in advance (even if this occurs in the form of a lawyer's charges), and it is at least arguable that money spent in the recovery of property or its value should stand on no different footing."

We do not believe a further exception to the attorney's fees rule is called for.

Affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.