716 P.2d 1035

Barbara STANTON, Plaintiff/Appellant,

v.

GLOBE UNIFIED SCHOOL DISTRICT NO. 1, the Globe School Board, Ernest Lopez, Joe Giorsetti, Robert Raboliatti, James Brockert, and John Insalaco, Defendants/Appellees.

No. 2 CA–CIV 5398.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 18, 1985.

Reconsideration Denied Dec. 31, 1985.

Petition for Review Denied April 1, 1986.

Burton & Leather by James L. Leather, Tucson, for plaintiff/appellant.

Candyce B. Párdee, Globe, for defendants/appellees.

## OPINION

BIRDSALL, Presiding Judge.

Appellant Stanton appeals from the decision of the trial court dismissing her complaint on the ground that it lacked jurisdiction.

Stanton was employed as Area Vocational Center Coordinator by the Globe Unified School District No. 1. On March 15, 1984, the superintendent suspended her from that position for ten days with pay, effective immediately, for alleged violation of school district rules and insubordination. A hearing concerning her suspension was scheduled for March 29, 1984, but she did

not attend because she did not receive notice of the meeting until after that date. Stanton then requested and was granted a hearing before the school board. The school board affirmed the decision of the superintendent on May 16, 1984.

On June 29, 1984, more than 30 days after the school board had rendered its decision, Stanton filed her complaint with the Superior Court of Gila County. Although her complaint contained three counts, seeking declaratory relief, special action relief, and damages for breach of contract, it was actually an appeal from the decision of the appellee school board. The court dismissed the action, finding that Stanton had failed to file within 30 days as mandated by A.R.S. § 15–543(A), that the 30 day limit was jurisdictional, and that therefore it had no jurisdiction to hear the action. That statute provides:

"A. The decision of the board is final unless the teacher files, within thirty days after the date of the decision, an appeal with the superior court in the county in which he was employed."

The only issue we need to decide is whether the trial court erred in ruling that the 30 day time limit set forth in A.R.S. § 15–543 applies to this case and thus deprives the court of jurisdiction.

Stanton argues that this provision applies only to "serious" infractions and not to "minor" infractions. She further argues that, because her punishment consisted merely of ten days suspension with pay, her infractions were "minor" and therefore fall under the auspices of § 15–341 rather than § 15–543.

■ § 15–341(A)(25)[1] reads in part:
"15–341 General Powers and Duties
A. The governing board shall:
\* \* \* \* \* \*

25. Prescribe and enforce rules for disciplinary action against a teacher who engages in conduct which is a violation

---

**1.** Section 15–341(A)(25), which applies to teachers, is substantially the same as (A)(26) which applies to administrators. Because the result is the same under either, it is not necessary to decide whether Stanton was a "teacher" or an "administrator."

of the rules, regulations or policies of the governing board regarding duties prescribed in Section 15–521, subsection A, but which is not cause for dismissal of the teacher or for revocation of the certificate of the teacher. Disciplinary action may include suspension with pay or suspension without pay for a period of time longer than ten school days. *For violations of rules which are cause of disciplinary action except suspension without pay for a period of time not to exceed ten school days the governing board shall provide for the service of notice to the teacher of the conduct which is allegedly cause for disciplinary action, a hearing on the request of the teacher and appeal of the decision made after the hearing.* For violations which are cause for suspension without pay for a period of time not to exceed ten school days, the provisions of notice, hearing and appeal in chapter 5, article 3 of this title shall apply." [2] (Emphasis added.)

It is clear to this court that more "serious" offenses, such as those requiring suspension *without* pay for more than ten days or those which are cause for dismissal, the notice, hearing, and appeal provisions of chapter 5, article 3 apply. For infractions such as Stanton's, leading only to suspension for ten days *with* pay, the rules promulgated by the board pursuant to § 15–341(A)(25) would apply.

■ However, no evidence shows that the board had adopted rules, regulations, or policies providing for an appeal of a decision made after hearing for a "minor" infraction. In the absence of such a rule, we believe the appeal provisions of A.R.S. § 15–543 would control. Those provisions require the teacher with a violation sufficiently serious to lead to dismissal, suspension without pay or, in the case of probationary teachers, non-renewal of contract, to appeal within 30 days. To grant a teacher, like appellant, a longer time to appeal a

decision to suspend for 10 days with pay would be absurd.

We believe the trial court correctly applied the jurisdictional limits of A.R.S. § 15–543 and we affirm.

HOWARD and FERNANDEZ, JJ., concur.

---

**2.** Section 15–341(A)(25) has been amended twice since Stanton's suspension. However, since Stanton was suspended on March 15, 1984, the cited version is applicable.