875 P.2d 843

Francis **GUERTIN**, **Plaintiff/Appellee,**

**v.**

**PINAL COUNTY, Defendant/Appellant.**

No. 2 CA–CV 93–0189.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 28, 1994.

Review Denied July 6, 1994.

McCrory and Teachnor by Michael W.L. McCrory, Tucson, for plaintiff/appellee.

Jennings, Strouss & Salmon, P.L.C. by Gary L. Lassen and John J. Egbert, Phoenix, for defendant/appellant.

## OPINION

ESPINOSA, Presiding Judge.

Appellant Pinal County appeals from a jury verdict in favor of appellee Francis Guertin on his claim for wrongful termination, arguing that Guertin's exclusive remedy for his wrongful discharge claim was through the Pinal County Merit Commission and that Guertin was collaterally estopped from relitigating the Merit Commission's prior determination of good cause for his termination. For the reasons which follow, we agree and reverse.

On February 21, 1990 Guertin, a sergeant with the Pinal County Sheriff's Office, was served with notice of the county's intent to dismiss him from his employment. Guertin had not received any reprimands, warnings, or any other lesser forms of discipline, nor any previous notice of the charges, which included violations of the county's overtime, payroll, and prisoner transportation policies, as well as insubordination, incompetency, and neglect of duty. Guertin was required to respond to the charges the following afternoon. He received his official notice of dismissal on February 23 and filed a timely appeal with the Pinal County Merit Commission.[1] After a hearing on the county's motion to dismiss Guertin's appeal, the Merit Commission issued findings of fact and conclusions of law in which it determined that the sheriff's department's decision to dismiss Guertin "was proper and not arbitrary or without reasonable cause."

Guertin did not seek judicial review of the Merit Commission's ruling. Instead, in December 1991, he filed a complaint against Pinal County and several members of the sheriff's office alleging wrongful discharge, breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, defamation, and denial of his civil rights in violation of 42 U.S.C. § 1983. The trial court subsequently denied Guertin leave to amend his complaint, and remanded the matter to the Merit Commission "to exhaust all administrative remedies." Guertin sought relief by special action and this court reversed the trial court's order, finding that because Guertin had not sought judicial review of the Commission's findings as provided by A.R.S. § 11–356(D) and the Administrative Review Act, A.R.S. §§ 12–901 through 12–914, he had exhausted his administrative remedies and the trial court did not have jurisdiction to remand the matter to the Commission. *Guertin v. Don*, 2 CA–SA 92–0061 (June 5, 1992). The county then brought a motion for summary judgment on the grounds of res judicata and collateral estoppel, which was denied. At trial, following the granting of the county's motion for directed verdicts, the jury decided only the wrongful discharge claim. It found in favor of Guertin and awarded $100,000 in damages.

On appeal, the county argues that Guertin's exclusive remedy for his dismissal was to appeal the decision of the Merit Commission. Section 11–356(D), which applies to dismissals of county officers or employees in the classified civil service, states, "The findings and decision of the commission shall be final, and shall be subject to administrative review as provided in title 12, chapter 7, article 6." (Footnote omitted.) Pinal County Merit System Rule 13.4(R) similarly states, "The findings and decisions of the Commission shall be final and shall be subject only to administrative review as provided in A.R.S. § 12–901, et seq." In *Wichita v. Pima County*, 131 Ariz. 576, 643 P.2d 21

---

1. The Merit Commission has jurisdiction over matters arising from dismissals, suspensions, or reductions in rank or compensation. A.R.S. § 11–356(A).

(App.1982), this court held that county merit system regulations, which provided that a county employee could only be discharged for good cause, also provided the employee's sole remedy for wrongful discharge in the form of appeal to the Merit Commission. We held there that "[a] separate action for wrongful discharge, either in tort or contract, is therefore not supportable." *Id.* at 577, 643 P.2d at 22. *See also Woerth v. City of Flagstaff,* 167 Ariz. 412, 808 P.2d 297 (App.1990).

■ Guertin's reliance upon *Fleming v. Pima County,* 141 Ariz. 149, 685 P.2d 1301 (1984), is misplaced. In that case, the employee's claim that he was laid off in bad faith had previously been found to fit none of the enumerated categories of merit system jurisdiction under A.R.S. § 11–356, and to be outside the merit commission's scope of review, *Fleming v. Pima County,* 125 Ariz. 523, 611 P.2d 110 (App.1980), thus permitting the wrongful discharge action that was the subject of the later case. Here, Guertin's claim was based on his dismissal, a matter squarely within the jurisdiction of the county merit system. Thus, the exclusive remedy for his dismissal was through appeal of the Merit Commission decision in accordance with § 11–356(D) and the Administrative Review Act.

■ Guertin was also collaterally estopped from relitigating his wrongful discharge claim. A party's failure to appeal a final administrative decision makes that decision final and res judicata. *Gilbert v. Board of Medical Examiners,* 155 Ariz. 169, 745 P.2d 617 (App.1987). The issue of the wrongfulness of Guertin's discharge was raised in the administrative proceeding, he was provided a full and fair opportunity to litigate the issue,[2] there was a valid and final decision on the merits, and there is a common identity of parties. *Id. See also State ex rel. Dandoy v. City of Phoenix,* 133 Ariz. 334, 651 P.2d 862 (App.1982) (failure to seek review of administrative agency decision as provided in Administrative Review Act results in final decision no longer subject to

judicial review). As in *Gilbert, supra,* Guertin could not collaterally attack the administrative decision under the guise of a tort action.

The judgment in favor of Guertin is reversed, and the trial court is directed to enter judgment in favor of Pinal County.

DRUKE, C.J., and HATHAWAY, J., concur.

---

2. Although Guertin complains that he was not allowed to present evidence at the administrative hearing, he elected not to appeal from that proceeding. Indeed, the trial court initially treated Guertin's complaint as an appeal and attempted to remand the matter to the Merit Commission for an evidentiary hearing over Guertin's objection.