Dr. Kenneth J. OLSON, Plaintiff–Appellant,

v.

Richard MORRIS, individually and in his official capacity as a member of the Arizona Board of Psychologist Examiners, Sydney Ramirez, individually and in his official capacity as a member of the Arizona Board of Psychologist Examiners, Francisco Gutierrez, individually and in his official capacity as a member of the Arizona Board of Psychologist Examiners, T.H. Guerin, individually and in his official capacity as a member of the Arizona Board of Psychologist Examiners, Grant Woods, in his official capacity as Attorney General of the State of Arizona; Michael Harrison, individually and in his official capacity as an Assistant Attorney General of the State of Arizona; Linda Blessing, in her official capacity as director of the Arizona Department of Economic Security; Alice McClain, individually and in her official capacity as an employee of the Arizona Department of Economic Security; Janet Sabol, in her official capacity as a CSP Case Manager for the Arizona Department of Economic Security; Lisa Gervaisbriney; Maureen Lassen, in her official capacity as a member of the Arizona Board of Psychologist Examiners; Maxine McCarthy, in her official capacity as Execu-

tive Director of the Arizona Board of Psychologist Examiners, Defendants–Appellees,

and

Sydney Ramirez, individually and in his official capacity as a member of the Arizona Board of Psychologist Examiners; Maxine Kaiser, in her official capacity as Executive Director of the Arizona Board of Psychologist Examiners, Defendants.

No. 98–15693.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1999

Opinion Filed July 1, 1999

Amended Aug. 27, 1999

David C. Larkin, Tempe, Arizona, for the plaintiff-appellant.

Lorrie L. Luellig (argued), Alicia L. Lawler, Assistant Attorney General (on the brief), Office of the Arizona Attorney General, Phoenix, Arizona, for the defendants-appellees.

Before: FLETCHER, SILVERMAN, Circuit Judges, and STAGG, District Judge.[1]

SILVERMAN, Circuit Judge:

Dr. Kenneth Olson, a licensed psychologist, performed an exorcism on a child believed to have been the victim of Satanic ritual abuse. Although Olson is also an ordained minister, the boy had been referred to Olson solely for psychological evaluation and treatment. On complaint made by the child welfare caseworkers who had referred the youngster to Olson, the Arizona Board of Psychologist Examiners conducted a hearing, concluded that Olson had engaged in unprofessional conduct, and revoked his license. Instead of appealing the Board's action to the Arizona Superior Court as state law allows, Dr. Olson filed a federal lawsuit against the Board and its members asserting constitutional defenses to the license revocation—defenses that were raised, or could have been raised, at the Board hearing. We hold that the doctrine of res judicata prevents Dr. Olson from relitigating in federal court legal and factual issues that

1. The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

were, or could have been, litigated before the Board. We affirm the district court.

## I. Background

Kenneth J. Olson, Ed.D., a clinical psychologist and ordained Lutheran minister, was contacted by the foster father of an 8–year–old boy. The foster father believed that the youngster had been subjected to Satanic ritual abuse at the hands of his biological parents whom the foster father believed to be Satanists. The foster parents obtained Olson's name from their minister and passed it along to the boy's caseworker at the Child Protective Services Division of the Arizona Department of Economic Security (ADES). The caseworker subsequently referred the boy to Olson for psychological evaluation and psychotherapy. During at least one therapy session, Olson laid his hands on the child and prayed to the Holy Spirit to reveal and remove the youngster's demonic spirits. Dr. Olson billed ADES for that session as psychotherapy.

Two ADES caseworkers, Alice McClain and Janet Sabol, filed a complaint with the Arizona Board of Psychologist Examiners alleging that Olson was "unable to separate his work as a psychologist from that of a religious minister." The Board conducted several hearings. The Board served a formal complaint and notice of hearing on Olson alleging that he had engaged in a pattern of unprofessional conduct under A.R.S. § 32–2061(13). The Board conducted a hearing and issued a written order revoking Olson's license to practice psychology.

Under Arizona law, Olson could have appealed the Board's decision. *See* A.R.S. § 12–904. He did not. Instead, Olson filed an action in federal court alleging that the Board's revocation of his license: (1) violated the Religious Freedom Restoration Act (RFRA), (2) violated 42 U.S.C. § 1983 by infringing on his First Amendment right to religious freedom, and (3) violated 42 U.S.C. § 1985 by depriving him

of his right to equal protection and due process. He sought a declaratory judgment that the defendants had violated his First and Fourteenth Amendment rights and preliminary and permanent injunctions requiring the Board to reinstate his license to practice psychology and prohibiting the Board from revoking his license in the future for his use of prayer therapy. He also requested compensatory and punitive damages.

The district court granted summary judgment for the defendants, ruling that the Board members and Assistant Attorney General Michael Harrison were entitled to absolute immunity and that defendants McClain and Sobel were entitled to qualified immunity for filing the complaint with the Board. Finally, the district court held that Arizona's then-Attorney General, Grant Woods, and ADES Director Linda Blessing could not be liable on a theory of respondeat superior.[2]

Olson appeals only his § 1983 claim for a permanent injunction prohibiting the revocation of his license to practice psychology and prohibiting further conduct depriving Olson of his religious freedom. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review a district court's grant of summary judgment de novo. *Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280, 283 (9th Cir.1997). We may affirm on any ground supported by the record, *Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir.1998), and affirm the district court on the grounds of res judicata.

## II. Discussion

The state defendants argue that Olson's complaint is barred by the doctrine of res judicata because it seeks to relitigate, in the guise of a federal civil rights lawsuit, issues heard and decided by the Arizona Board of Psychologist Examiners that were not appealed and became final. Olson responds that res judicata does not bar his action because it presents a constitu-

2. The district court had already dismissed the RFRA claim on April 7, 1995 pursuant to the parties' stipulation, and the § 1985 claims on September 18, 1995.

tional claim and is "different from the state administrative claim and the parties to the state administrative proceeding are different." We agree with the defendants.

■ When a state agency acts in a judicial capacity to resolve disputed issues of fact and law properly before it, and when the parties have had an adequate opportunity to litigate those issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect to which it would be entitled in that state's courts. *University of Tennessee v. Elliott,* 478 U.S. 788, 798–99, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986); *Guild Wineries and Distilleries v. Whitehall Co.,* 853 F.2d 755, 758 (9th Cir.1988). First, however, the federal district court must independently assess the adequacy of the state's administrative forum.

> The threshold inquiry ... is whether the state administrative proceeding was conducted with sufficient safeguards to be equated with a state court judgment. This requires careful review of the administrative record to ensure that, at a minimum, it meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions ... [A]lthough a federal court should ordinarily give preclusive effect when the state court would do so, there may be occasions where a state court would give preclusive effect to an administrative decision that failed to meet the minimum criteria set down in *Utah Construction.*

*Miller v. County of Santa Cruz,* 39 F.3d 1030, 1033 (9th Cir.1994). We have denied preclusive effect to administrative agency determinations where the plaintiff was denied an adequate opportunity to litigate issues regardless of whether the state court would have done so. *Mack v. South Bay Beer Distributors Inc.,* 798 F.2d 1279, 1283, 1284 (9th Cir.1986).

■ Under Arizona law, a party's failure to appeal a final administrative decision makes that decision final and res judicata. *Hawkins v. State, Dept. of Economic Sec.,* 183 Ariz. 100, 103–04, 900 P.2d 1236 (1995); *Guertin v. Pinal County,* 178 Ariz. 610, 612, 875 P.2d 843 (1994). Under the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. *Gilbert v. Board of Medical Examiners of the State of Arizona,* 155 Ariz. 169, 174, 745 P.2d 617 (1987). This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated. *Id.; Hawkins,* 183 Ariz. at 103, 900 P.2d 1236. In Arizona, the failure to seek judicial review of an administrative order precludes collateral attack of the order in a separate complaint. If no timely appeal is taken, the decision of the board is "conclusively presumed to be just, reasonable and lawful." *Gilbert,* 155 Ariz. at 176, 745 P.2d 617. This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal. *Id.*

■ In the administrative proceedings before the Board, the issue was whether Olson had engaged in unprofessional conduct in the course of providing psychological evaluation and treatment. Although he appeared at the hearing alone, it is undisputed that Olson knew that he was fully entitled to be represented by counsel. At the hearing, Olson mounted a mainly factual defense, offering evidence to the effect that the psychological services he rendered were an appropriate "modality" under the circumstances of the case. Although he did not belabor the point, he also specifically asserted before the Board his right to freedom of religion under the First Amendment.

Our examination of the record reveals that the state administrative process here comported with the requirements of *Utah Construction.* If Olson had constitutional defenses to the Board's proceedings, he had every right to raise them with the

Board or on appeal in state court. *See Gilbert*, 155 Ariz. at 174, 745 P.2d 617 (holding that an assertion of irregularity in the proceedings before the Board of Medical Examiners—that the board members were conspiring against him and were motivated to act for reasons other than protection of the public—could have been raised before the board and on appeal of the board decision to the superior court). Olson's only stated explanation for not asserting his constitutional defenses more vigorously before the Board is that he did not anticipate losing. But lose he did, and the doctrine of res judicata bars litigating it again. *See Gilbert*, 155 Ariz. at 174, 745 P.2d 617; *Guertin*, 178 Ariz. at 612, 875 P.2d 843 (res judicata precludes a collateral attack of a final administrative decision under § 1983) The district court is AFFIRMED.[3]

---

**3.** Because we find that the doctrine of res judicata fully resolves this appeal, we express no opinion on the other issues raised by the parties in this case.