IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| SANDRA SMITH, | ) | 2 CA-CV 2001-0125 |
| | ) | DEPARTMENT A |
| Plaintiff/Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| CIGNA HEALTHPLAN OF ARIZONA, an | ) | |
| Arizona Corporation; MITCHELL HALL | ) | |
| and JANE DOE HALL, husband and wife; | ) | |
| and GILBERT BURKEL and JANE DOE | ) | |
| BURKEL, husband and wife, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. 315390

Honorable Christopher C. Browning, Judge

REVERSED AND REMANDED

---

Raven & Awerkamp, P.C.
  By Don Awerkamp                                                      Tucson
                                            Attorneys for Plaintiff/Appellant

Titus, Brueckner & Berry, P.C.
  By John R. Tellier                                                Scottsdale
                                        Attorneys for Defendants/Appellees
                                                        CIGNA and Burkel
     and

Mesch, Clark & Rothschild, P.C.
  By Alan N. Ariav                                                    Tucson
                                        Attorneys for Defendants/Appellees Hall

---

H O W A R D, Judge.

¶1        Appellant Sandra Smith, M.D., sued appellees, CIGNA HealthPlan of Arizona, Mitchell Hall, and Gilbert Burkel (collectively, "CIGNA") for tortious interference with her employment and wrongful discharge. The trial court granted CIGNA's motion for summary judgment, concluding that Smith's claim was preempted by the National Labor Relations Act, 29 U.S.C. §§ 141 through 187 (the Act). Smith appeals that ruling. Because we conclude the present record establishes that Smith was a supervisor in her position with CIGNA, her claim is not preempted, and we reverse the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        In reviewing a ruling on a motion for summary judgment, we view the facts and inferences therefrom in the light most favorable to the nonmoving party. *Link v. Pima County*, 193 Ariz. 336, ¶12, 972 P.2d 669, ¶12 (App. 1998). CIGNA hired Smith as a physician in September 1993 and promoted her to the position of chief of staff of one of its facilities in 1994. CIGNA terminated Smith's employment in October 1995.

¶3        In March 1996, Smith filed a claim with the National Labor Relations Board (NLRB), alleging that CIGNA had discharged her in violation of the Act for engaging in protected activity. She alleged that, while working for CIGNA, she had met with other CIGNA physicians "to discuss various issues relevant to working conditions," and CIGNA executives had reprimanded her for organizing the meeting. Smith also alleged that she had voiced concern to other CIGNA physicians about alleged financial mismanagement by CIGNA administrators and that, in response, a CIGNA executive had "severely criticized" her and the other physicians. According to Smith, CIGNA thereafter terminated her employment under the pretext of a staff

reduction when "the true motive . . . [was] to remove Dr. Smith so she could not continue her protected concerted activity [under the Act] in organizing medical providers to improve their working conditions."

¶4        In its position statement to the NLRB, CIGNA argued that Smith's claim was precluded because, in her employment with CIGNA, she "was a supervisory or managerial employee not entitled to [the] protection" of the Act. CIGNA also claimed that the reasons for her termination were not pretextual, but rather, that she had been terminated "due to a reduction in force and consequent job elimination which had nothing to do with any alleged protected concerted activity."

¶5        The NLRB regional director denied Smith's claim and refused to issue a complaint against CIGNA, and Smith appealed. In affirming the denial, the NLRB Office of Appeal stated that, "[a]part from the issue of whether Dr. Smith was a 'supervisor' within the meaning of [the Act], . . . there was insufficient evidence to establish that" CIGNA had violated the Act, adding that "the evidence failed to indicate . . . the need for cost reduction was a pretext" for Smith's discharge.

¶6        Thereafter, Smith sued CIGNA in Pima County Superior Court, claiming that she had been wrongfully discharged and that appellees Hall and Burkel had tortiously interfered with her employment. Smith based these claims on the same facts she had presented to the NLRB. After CIGNA answered and denied the allegations, it moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, or, in the alternative, for summary judgment pursuant to Rule 56(c), Ariz. R. Civ. P., 16 A.R.S., Pt. 2. CIGNA contended that the Act preempted Smith's state claims and that the NLRB's decision

3

barred her claims under the doctrines of res judicata and collateral estoppel. Smith responded that her state complaint was not preempted because she had been a supervisor in her employment with CIGNA and, therefore, was not covered by the Act. She also disputed CIGNA's res judicata and collateral estoppel arguments. In reply, CIGNA presented no facts to refute Smith's claim that she had been a supervisor.

¶7        The trial court granted CIGNA's motion, concluding that Smith's complaint was preempted because the NLRB's denial indicated that the NLRB had assumed jurisdiction over her claim and her state claim was "largely, if not completely . . . identical" to her NLRB claim. The court did not address Smith's contention that she had been a supervisor not covered by the Act. Smith appeals the trial court's ruling.

¶8        The trial court did not state whether it treated the motion as one for dismissal or one for summary judgment. But, because CIGNA presented matters extrinsic to the pleadings, and because the court considered these matters in its ruling, we treat the ruling as one granting summary judgment. *See* Ariz. R. Civ. P. 12(b); *Blanchard v. Show Low Planning & Zoning Comm'n*, 196 Ariz. 114, ¶11, 993 P.2d 1078, ¶11 (App. 1999). We review a grant of summary judgment de novo. *Strojnik v. General Ins. Co. of Am.*, 201 Ariz. 430, ¶10, 36 P.3d 1200, ¶10 (App. 2001). A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(c); *see also Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We also review de novo whether the Act preempts a state claim. *Hill v. Peterson*, 201 Ariz. 363, ¶5, 35 P.3d 417, ¶5 (App. 2001).

4

## PREEMPTION UNDER THE ACT

¶9        Smith argues the trial court erred in ruling her state claims were preempted, asserting that she was a supervisor and that her claim was thus excluded from coverage under the Act. CIGNA counters that Smith may not now claim she was a supervisor, contending she did not raise the issue before the trial court. But the record belies this contention. In her opposition to CIGNA's summary judgment motion, Smith pointed out that the NLRB Office of Appeal had not determined whether she was a supervisor and, citing the facts CIGNA had presented to the NLRB, stated that, "as argued by [CIGNA] previously, [Smith], as a supervisor, is not subject to the protection" of the Act. Accordingly, we address the issue.

¶10        Congress promulgated the Act in order to "achieve uniform and effective enforcement of a national labor policy." *Hill*, 201 Ariz. 363, ¶5, 35 P.3d 417, ¶5; *accord San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1959). The Act prescribes a "'comprehensive amalgam of substantive law and regulatory arrangements.'" *Chavez v. Copper State Rubber of Arizona, Inc.*, 182 Ariz. 423, 427, 897 P.2d 725, 729 (App. 1995), *quoting Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 675, 103 S. Ct. 1453, 1458, 75 L. Ed. 2d 368, 375 (1983).

¶11        If a state cause of action cannot coexist with the Act's provisions, then preemption applies. *Chavez*, 182 Ariz. at 427, 897 P.2d at 729. When a party asserts that the Act in fact preempts a state cause of action, it "is a claim that the state court has no power to adjudicate the subject matter of the case," but the question of preemption "must be considered and resolved by the state court." *International Longshoremen's Assn., AFL-CIO v. Davis*, 476 U.S. 380, 393, 106 S. Ct. 1904, 1913, 90 L. Ed. 2d 389, 402 (1986). And, in resolving any such preemption issue,

5

the "first question" is whether the conduct forming the basis of the claim "'is actually or arguably protected or prohibited by [the Act].'" *Chavez*, 182 Ariz. at 427, 897 P.2d at 729, *quoting Local 926*, 460 U.S. at 676, 103 S. Ct. at 1458, 75 L. Ed. 2d at 375; *Rodriguez v. Yellow Cab Coop.*, 206 Cal. App. 3d 668 (1988). Before a state cause of action is preempted, the party asserting preemption has the burden to "put forth enough evidence to enable a court to conclude that the activity is arguably subject to the Act." *Davis*, 476 U.S. 380 at 396, 397-98, 106 S. Ct. 1904 at 1915, 1916, 90 L. Ed. 2d at 404, 405.

¶12        At oral argument before this court, CIGNA contended that state courts have jurisdiction over a controversy like the one here only after the NLRB has ruled that the NLRB does not. In support, CIGNA cited *Table Talk Pies of Westchester v. Strauss*, 237 F. Supp. 514, 524 (S.D.N.Y. 1964), which states it is "only if and when the Board has decided that the activities are not within the scope of the federal act that the state courts may thereafter deal with them." But *Table Talk* dealt with conduct arguably protected or prohibited by the Act. And this district court case was decided before *Davis*, which makes it clear that state courts determine whether conduct is arguably protected or prohibited by the Act for purposes of preemption. We thus address whether the trial court here correctly decided the preemption issue.

¶13        An employer violates the Act by discharging an employee for engaging in protected union activity. 29 U.S.C. § 158(a)(3). However, a *supervisor* is not an employee explicitly covered by the Act; therefore, if a plaintiff was employed as a supervisor, "the conduct at issue was [not] arguably protected or prohibited by the [Act] . . . and there is no preemption." *Davis*, 476 U.S. at 394, 106 S. Ct. at 1914, 90 L. Ed. 2d at 403; *accord Chavez*, 182 Ariz. at 428, 897

P.2d at 730 ("[A] supervisor's discharge usually is not of concern to the NLRB."). Under the Act, a "supervisor" is

> any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11).

¶14        Here, the NLRB Office of Appeal chose not to determine whether Smith had been a supervisor, deciding instead only that she had failed to establish a violation of the Act. In the trial court, CIGNA produced no evidence showing that Smith arguably was an employee and, therefore, covered by the Act. *Davis*, 476 U.S. at 398, 106 S. Ct. at 1916, 90 L. Ed. 2d at 405-06. In contrast, Smith submitted with her opposition to CIGNA's motion its NLRB position statement, in which CIGNA presented detailed facts supporting its claim that Smith had been a supervisor as defined in the Act and was thus exempt from coverage. In so arguing before the NLRB, CIGNA employed language directly from 29 U.S.C. § 152(11), asserting:

> The documentary and testimonial evidence submitted with this position statement demonstrate beyond doubt that Dr. Smith was a "supervisor" and not an "employee" under the Act. Her specific supervisory responsibilities included *supervising* the operation as well as the employees at the Clara Vista Center. The job description for Dr. Smith's position as Chief of Staff, also plainly reveals Dr. Smith's supervisory responsibilities. In addition to responsibility to *hire or effectively to recommend such action*, Dr. Smith also served the supervisory functions of *assigning employees* to do work and *responsibly directing them* in the performance of their duties. In addition, as the record [and testimony] . . . indicate[] . . . , Dr. Smith's exercise of *independent judgment* is obvious from the documents provided by [CIGNA] in this case.

7

> Since Dr. Smith is not an "employee" under the Act, her . . . [c]harge must be dismissed since, as a supervisor, Dr. Smith is not entitled to the protection of [the Act].

(Emphasis added.)

¶15      Ultimately, CIGNA failed to carry its burden before the trial court to "put forth enough evidence to enable [the] court to conclude that [Smith's] activity [was] arguably subject to the Act." *Davis*, 476 U.S. 380 at 398, 106 S. Ct. 1904 at 1916, 90 L. Ed. 2d at 405. Rather, the record clearly reflects that Smith in fact had been a supervisor under the Act while employed by CIGNA. *Cf. National Labor Relations Bd. v. Kentucky River Community Care, Inc.*, 532 U.S. 706, 121 S. Ct. 1861, 149 L. Ed. 2d 939 (2001) (explaining definition of supervisor under 29 U.S.C. § 152(11)). Therefore, her conduct was not protected by the Act, and her state claim was not preempted. *See Davis*; *Chavez*. Accordingly, CIGNA was not entitled to judgment as a matter of law, and the trial court erred in granting CIGNA's motion. *See Orme School.*

¶16      CIGNA cites *Ruscigno v. American National Can Co.*, 100 Cal. Rptr. 2d 585 (App. 2000), and *Bassett v. Attebery*, 225 Cal. Rptr. 399 (App. 1986), asserting that a supervisor may be covered under the Act. But these cases merely hold that a supervisor may be covered under the Act when recognized exceptions to a supervisor's exemption from the Act apply.[1] Because

---

[1] A supervisor may be covered under the Act "(1) if the employer disciplines a supervisor for testifying before the NLRB or during the processing of an employee's grievance; (2) if the employer disciplines a supervisor for refusing to commit an unfair labor practice; or (3) if the employer discharges a supervisor who hires his own crew as a pretext for terminating his pro-union crew." *Chavez v. Copper State Rubber of Arizona, Inc.*, 182 Ariz. 423, 428, 897 P.2d 725, 730 (App. 1995); *accord Ruscigno v. American Nat'l Can Co.*, 100 Cal. Rptr. 2d 585 (App. 2000); *Bassett v. Attebery*, 225 Cal. Rptr. 399 (App. 1986).

8

CIGNA has not shown how any such exception applies in the present case, these cases are inapposite.

¶17        At oral argument, CIGNA relied on *Parker v. Connors Steel Co.*, 855 F. 2d 1510, 1517 (11th Cir. 1988), for the proposition that, by first seeking relief before the NLRB, Smith recognized NLRB jurisdiction over her complaint. In *Parker*, while discussing the NLRB's primary jurisdiction of claims arguably within its jurisdiction, the court did state that parties who initially pursue relief before the NLRB "have implicitly recognized the Board's jurisdiction over their claims." *Id*. at 1517. But the court went on to examine the actual activities by the employees and determined that those activities were arguably within the Act. Here, Smith's activities were not.

¶18        Furthermore, in *Hill* we addressed precisely the same argument as CIGNA's. There, the plaintiff, like Smith, had presented his case initially to the NLRB, and the opposing party asserted the plaintiff's state claim was therefore barred. In finding no preemption, we stated that, although *Parker* and other case law suggested the plaintiff's state law claim might be barred, "NLRB preemption . . . is not without limits." 201 Ariz. 363, ¶12, 35 P.3d 417, ¶12. Finally, in *Davis* the Supreme Court stated that requiring the state court to find preemption in the absence of an NLRB determination of the claimant's status would allow a "conclusory claim of preemption and effectively eliminate the necessity to make out an arguable case." *Davis*, 476 U.S. at 396, 106 S.Ct. at 1915, 90 L. Ed. 2d at 405. Thus, preemption of state law claims that are not arguably within the Act should not result from the mere default, that is, when the NLRB essentially has not resolved or decided a significant jurisdictional issue, such as occurred here.

**JUDICIAL ESTOPPEL**

¶19 CIGNA also claimed at oral argument that Smith should be judicially estopped from asserting she was a supervisor not covered by the Act because she had submitted her claim to the NLRB, thereby implicitly acknowledging she had been an employee. Judicial estoppel preserves the integrity of the judicial system by preventing "a party from taking an inconsistent position in successive or separate actions." *Bank of Am. Nat. Trust & Sav. Ass'n v. Maricopa*, 196 Ariz. 173, ¶7, 993 P.2d 1137, ¶7 (App. 1999). However, it applies only where "the party asserting the inconsistent position [was] successful in the prior judicial proceeding." *Id.* Smith was not successful in the prior proceeding. And it is CIGNA whose position here is the exact opposite of its express position before the NLRB and now bears the burden on the affirmative defense of preemption. *See Davis*.

## CLAIM AND ISSUE PRECLUSION

¶20 CIGNA nevertheless argues the NLRB's "judgment on the merits" and its finding that the evidence failed to show the need for cost reduction was pretextual bar Smith's state claims under the doctrines of res judicata and collateral estoppel. Although the parties presented this argument below, the trial court did not reach it. But, because we may affirm a ruling on any issue raised below, we address CIGNA's argument. *Republic Nat'l Bank of New York v. Pima County*, 200 Ariz. 199, ¶19, 25 P.3d 1, ¶19 (App. 2001).

¶21 The res judicata (claim preclusion) and collateral estoppel (issue preclusion) doctrines may "apply to decisions of administrative agencies acting in a quasi-judicial capacity." *Hawkins v. State*, 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App. 1995). The doctrines are not rigidly applied, however, and "are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice." *Tipler v. E.I. duPont deNemours &*

10

*Co.*, 443 F.2d 125, 128 (6th Cir. 1971); *accord Ferris v. Hawkins*, 135 Ariz. 329, 331-32, 660 P.2d 1256, 1258-59 (App. 1983).

## A. Claim Preclusion

¶22      Under claim preclusion, a judgment on the merits "in a prior suit involving the same parties . . . bars a second suit based on the same cause of action." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). But the NLRB Office of Appeal's unreviewable refusal to issue a complaint "is not a final decision on the merits of the underlying issue and thus may not be given [claim preclusion] . . . effect when a subsequent claim for relief is made in the courts." *Edna H. Pagel, Inc. v. Teamsters Local Union 595*, 667 F.2d 1275, 1280 (9th Cir. 1982). Consequently, because the NLRB Office of Appeal refused to issue a complaint on Smith's claim and there was no "final decision on the merits," claim preclusion does not apply. *See id.*

¶23      Moreover, claim preclusion applies only when an administrative agency has resolved a claim that was "'properly before it.'" *Farmers Inv. Co. v. Arizona State Land Dep't*, 136 Ariz. 369, 374, 666 P.2d 469, 474 (App. 1982), *quoting United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S. Ct. 1545, 1560, 16 L. Ed. 2d 642, 661 (1966). And the Restatement (Second) of Judgments § 26 cmt. c (1980), provides that the general rule against relitigation presumes "the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim[,] including any theories of recovery or demands for relief." The availability of complete relief is particularly important when administrative agencies are involved. *Id.* at § 83 cmt. g.

¶24　　　　　The NLRB is directed to enforce the provisions of the Act. 29 U.S.C. § 160(a). Therefore, if Smith in fact was a supervisor not covered under the Act, as CIGNA argued before the NLRB and as we have concluded here, her claim was not "properly before" the NLRB. *See Farmers Inv. Co.*, 136 Ariz. at 374, 666 P.2d at 474. And, because the NLRB is concerned only with violations of the Act, Smith presumably was unable to present to the NLRB her "entire claim[,] including any theories of recovery or demands for relief." *See* Restatement § 26 cmt. c. Furthermore, although Smith sought compensatory and punitive damages in her state complaint, reinstatement with back pay is the sole monetary remedy available under federal law for unfairly terminated workers. *See* 29 U.S.C. § 160(c); *Linn v. United Plant Guard Workers of Am., Local 114*, 383 U.S. 53, 63, 86 S. Ct. 657, 663, 15 L. Ed. 2d 582, 590 (1966) (the Act not concerned with personal injury to workers; NLRB "can award no damages, impose no penalty, or give any other relief to . . . defamed" workers); *Ring v. River Walk Manor, Inc.*, 596 F. Supp. 393, 395 (D. Md. 1984). Avoiding a rigid and unjust application of claim preclusion, *see Tipler*, under the circumstances here, we cannot find that Smith's state claims are barred.

**B.　Issue Preclusion**

¶25　　　　　CIGNA also argues that the NLRB Office of Appeal's finding that the reasons for Smith's discharge were not pretextual bars her state claims under issue preclusion. Issue preclusion bars "relitigation of issues actually litigated regardless of whether the prior action is based upon the same claim as the second suit." *Matusik v. Arizona Pub. Serv. Co.*, 141 Ariz. 1, 3, 684 P.2d 882, 884 (App. 1984). But issue preclusion applies only when the issue has been "actually litigated in a previous proceeding" and "the parties . . . have had a full and fair opportunity and motive to litigate the issue[]." *Garcia v. General Motors Corp.*, 195 Ariz. 510,

12

¶9, 990 P.2d 1069, ¶9 (App. 1999). Accordingly, issue preclusion "prohibits relitigating an issue" determined by the NLRB when "the issue [wa]s actually litigated." *Central States, Southeast & Southwest Areas Pension Fund v. Old Dutch Foods, Inc.*, 968 F. Supp. 1292, 1298 (N.D. Ill. 1997); *accord Martin v. Garman Constr. Co.*, 945 F.2d 1000, 1004 (7th Cir. 1991).

¶26      Regardless of how the NLRB Office of Appeal's findings might affect Smith's state claims, she was never afforded a "full and fair opportunity" to litigate the issues that were before the NLRB. *See Garcia*, 195 Ariz. 510, ¶9, 990 P.2d 1069, ¶9. She was "not allowed to examine or cross-examine witnesses, lodge objections," or otherwise litigate her claim. *Doan v. Ohio Admin. Dist. Council*, 763 N.E.2d 639, 643 (Ohio App. 2001); *accord Emery Air Freight Corp. v. Local Union 295*, 786 F.2d 93, 100 (2d Cir. 1986), *quoting International Union Of Elec., Radio & Mach. Workers v. General Elec. Co.*, 407 F.2d 253, 264 (2d Cir. 1968) (NLRB's decision has no collateral estoppel effect when proceeding before it was "'neither formally adversarial nor like a trial'"). Therefore, as with claim preclusion, the NLRB's refusal to issue a complaint does not bar a subsequent claim filed in court. *Edna H. Pagel, Inc.*, 667 F.2d at 1280.

¶27      Relying on *Guertin v. Pinal County*, 178 Ariz. 610, 875 P.2d 843 (App. 1994), and *Martin v. Industrial Commission*, 4 Ariz. App. 547, 422 P.2d 178 (1967), CIGNA nevertheless argues that the claim and issue preclusion do not require a "full-blown hearing" for an administrative decision to be binding, contending that the NLRB's decision here, rendered without a hearing, was binding. We find CIGNA's reliance on these cases misplaced. In *Guertin*, the court concluded that issue preclusion barred a claim because the party asserting the claim, in fact, had been "provided a full and fair opportunity to litigate the issue." 178 Ariz. at 612, 875 P.2d

13

at 845. Because Smith was provided no such opportunity to litigate, *Guertin* is inapposite. And, because *Martin* is factually and procedurally distinct from this case, it is likewise inapplicable.

¶28    The trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this decision. In our discretion, we grant Smith's request for attorney's fees on appeal pursuant to A.R.S. § 12-341.01 and Rule 21(c), Ariz. R. Civ. App. P., 17B A.R.S.

_____
                                             JOSEPH W. HOWARD, Judge

CONCURRING:


_____
WILLIAM E. DRUKE, Judge


_____
JOHN PELANDER, Judge