NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS M. CHAVEZ, *Plaintiff/Appellant*,

*v.*

ROOSEVELT SCHOOL DISTRICT #66, *Defendant/Appellee*.

No. 1 CA-CV 19-0145
FILED 11-7-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-012833
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Thomas M. Chavez, Phoenix
*Plaintiff/Appellant*

Gust Rosenfeld P.L.C., Phoenix
By Charles W. Wirken and Robert D. Haws
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

**M c M U R D I E**, Judge:

¶1          Thomas Chavez appeals the superior court's dismissal of his complaint challenging his termination as wrongful and for defamation. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          In October 2018, the Roosevelt School District ("District") terminated Chavez's employment for unprofessional conduct. The District's hearing officer concluded that Chavez: displayed unprofessional conduct, possessed weapons on school property, had improper interactions with students and parents, failed to use appropriate methods for student management, and violated District policies and regulations. The hearing officer determined these were enough grounds to dismiss Chavez as an employee of the District and recommended his termination. The District accepted the recommendation and terminated Chavez's employment.

¶3          Chavez filed a civil complaint in the superior court on November 6, 2018. Chavez sought relief for his termination and asserted claims including: defamation, wrongful termination, false and frivolous accusations made with the intent to damage or destroy professional reputation, racial and political discrimination, retaliation, and breach of contract. The District moved to dismiss the complaint arguing that the superior court did not have jurisdiction to decide the matter because Chavez did not appeal the District's decision, as required by Arizona Revised Statutes ("A.R.S.") section 15-543.

¶4          The superior court granted the District's motion to dismiss because Chavez did not appropriately exhaust his administrative remedies before filing a civil action. Chavez timely appealed. The District argues in its answering brief that we do not have jurisdiction over this case if we treat "Chavez's suit [as] an appeal from the termination decision." However, we have jurisdiction over Chavez's civil complaint pursuant to A.R.S. § 12-2101(A)(1) (providing a right to appeal from a final judgment entered in an action commenced in a superior court); *see also Falcone Bros. & Assocs., Inc. v. City of Tucson*, 240 Ariz. 482, 487, ¶¶ 6–8 (App. 2016) (a civil complaint dismissed due to lack of jurisdiction from failing to appeal according to statutory requirements allows for appellate jurisdiction).

**DISCUSSION**

¶5 We review a superior court's dismissal for lack of jurisdiction and issues of statutory interpretation *de novo*. *See Coombs v. Maricopa County Special Health Care Dist.*, 241 Ariz. 320, 321, ¶ 5 (App. 2016); *State v. Espinoza*, 229 Ariz. 421, 424, ¶ 15 (App. 2012).

**A.      Chavez's Claims Regarding His Termination Are Final.**

¶6 A district's decision to dismiss a teacher "is final unless the certificated teacher files, within thirty days after the date of the decision, an appeal with the superior court in the county within which he was employed." A.R.S. § 15-543(A). "Where the statute gives the discretion and final determination to a lower board or commission and makes such determination final and conclusive, it has such conclusive effect only in the absence of an appeal to the superior court." *Campbell v. Superior Court (Ballard)*, 18 Ariz. App. 287, 289 (1972) (quoting *Davis v. Brittain*, 89 Ariz. 89, 95 (1960), *modified*, 92 Ariz. 20 (1962)). Therefore, the "only method of attack available here is by the appeal provided by statute." *Hurst v. Bisbee Unified Sch. Dist. No. Two*, 125 Ariz. 72, 75 (App. 1979); *see also Guertin v. Pinal County*, 178 Ariz. 610, 611–12 (App. 1994).

¶7 Chavez argues that he did appeal the District's decision because he notified the District of his intent to appeal the decision, and his civil complaint should be treated as an appeal from the District's decision. For the reasons that follow, we hold that Chavez did not correctly perfect his appeal.

¶8 "The legislature has signaled its intention to prescribe a limited right of appeal from disciplinary decisions." *Anderson v. Valley Union High Sch., Dist. No. 22*, 229 Ariz. 52, 59, ¶ 22 (App. 2012). The provisions of A.R.S. § 15-543 "require the teacher with a violation sufficiently serious to lead to dismissal . . . to appeal within 30 days." *Stanton v. Globe Unified Sch. Dist. No. 1*, 149 Ariz. 98, 100 (App. 1985). Then, "[w]ithin ten days after filing a notice of appeal . . . the party seeking judicial review shall file a notice of the action with the office of administrative hearings or the agency that conducted the hearing." A.R.S. § 12-904(B). "Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision." A.R.S. § 12-902(B); *see also Johnson v. Ariz. Registrar of Contractors*, 242 Ariz. 409, 413, ¶ 14 (App. 2017) (statutory procedures must be followed).

¶9 Chavez failed to perfect an appeal to the superior court under A.R.S. § 15-543 because he did not give proper notice of his attempt to appeal within ten days after filing his complaint following A.R.S. § 12-904(B). In its motion to dismiss, the District argued that Chavez did not perfect his appeal because he improperly served the District. *Batty v. Glendale Union High Sch. Dist. No. 205*, 221 Ariz. 592, 593, ¶ 1 (App. 2009) (service of a notice must be done on "the person or persons authorized to accept service for the District"); *see also* A.R.S. § 12-821.01(A). The District claimed that Chavez served their counsel and Human Resources Department clerk, neither of which was authorized to accept service. Chavez conceded in his response to the motion to dismiss that he never served the District. Therefore, Chavez failed to properly serve notice to the District within the statutory 10-day requirement. Since Chavez did not perfect his appeal according to the statutory provisions, the decision of the District became final, and the superior court lacked jurisdiction to review Chavez's claims regarding his termination. A.R.S. § 15-543(A); *Hurst*, 125 Ariz. at 75; *see also Guertin*, 178 Ariz. at 612 ("A party's failure to appeal a final administrative decision makes that decision final . . . ."). Consequently, the court lacked jurisdiction to review Chavez's wrongful termination, false and frivolous accusations, civil rights, retaliation, and breach of contract claims. *See* A.R.S. § 41-783(F). Therefore, the superior court did not err by dismissing Chavez's allegations relating to the District's decision.

## B. Dismissal of Chavez's Defamation Claim Was Appropriate.

¶10 Chavez's defamation claim was not subject to the administrative review procedures noted above. The defamatory remarks arose out of the hearing, not from the decision to terminate him. Thus, the claim could not have been adjudicated in the administrative hearing or by the Board. *See* A.R.S. § 12-821.01(B) ("[A] cause of action accrues when the damaged party realizes he or she has been damaged."). Moreover, our supreme court "has held that the exhaustion of remedies rule should not be summarily applied . . . . [in cases] in which the agency's expertise is unnecessary." *Univar Corp. v. City of Phoenix*, 122 Ariz. 220, 224 (1979). Nonetheless, dismissal of the claim was appropriate because Chavez failed to serve a notice of claim. *See also Espinoza*, 229 Ariz. at 424, ¶ 15 ("We may affirm the [superior] court's ruling if it is legally correct for any reason.").

¶11 A party with a claim against a public entity must serve a notice of claim satisfying A.R.S. § 12-821.01. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6, (2007). "Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred

and no action may be maintained thereon." A.R.S. § 12-821.01(A). "Compliance with the notice provision of § 12-821.01(A) is a 'mandatory' and 'essential' prerequisite to such an action." *Salerno v. Espinoza*, 210 Ariz. 586, 588, ¶ 7 (App. 2005). We review *de novo* whether a party's claim should be dismissed for failing to comply with the statutory requirements. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶¶ 7–8 (2012); *Jones v. Cochise County*, 218 Ariz. 372, 375, ¶ 7 (App. 2008).

**¶12**       The District raised a notice of claim defense before the superior court in its motion to dismiss. In his response, Chavez conceded that "[a notice of intent to file a lawsuit] was not filed with the [Board] and their associated law firm, but was sent to the [superior court]." It appears that Chavez was claiming that he satisfied the required statutory notice of claim to the District by filing a civil complaint. Filing a civil complaint is not the functional equivalent of providing a notice of claim. Chavez's complaint did not satisfy the statutory requirements. A.R.S. § 12-821.01(A) (A notice of claim "shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. . . . [and] also contain a specific amount for which the claim can be settled and the facts supporting that amount"); *see also Jones*, 218 Ariz. at 374–75, ¶¶ 6–7. By failing to file with the District a notice of claim, the superior court correctly granted the motion to dismiss.

## ATTORNEY'S FEES AND COSTS

**¶13**       The District requests attorney's fees and costs according to A.R.S. §§ 12-341.01, -349, and Arizona Rule of Civil Appellate Procedure ("ARCAP") Rule 25. In our discretion, we award reasonable attorney's fees upon compliance with ARCAP 21. The District, as the prevailing party, is also entitled to its costs on appeal.

## CONCLUSION

**¶14**       For the foregoing reasons, we affirm the superior court's decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA