673 P.2d 336

**Linda M. FERRER, Petitioner/Appellant,**

v.

**Paul T. FERRER, IV, Respondent/Appellee.**

**No. 2 CA-CIV 4824.**

Court of Appeals of Arizona, Division 2.

Dec. 1, 1983.

L. Tipton Jackson, Jr., Tucson, for petitioner/appellant.

Little, Fisher & Siegel, P.C. by Barbara E. Fisher, Tucson, for respondent/appellee.

## OPINION

HATHAWAY, Judge.

Appellant/wife contends on appeal that the trial court erred in not ordering support beyond minority for a disabled child who had not yet reached her majority, and further contends that the trial court abused its discretion in disposing of equity in the residence, in not awarding arrearages for child support, and in not awarding attorneys fees.

The petition for dissolution of the marriage was filed by the wife in propria persona on November 30, 1979, in Pima County. She sought, and was granted, child support for their four children, ages 7 through 14, in the sum of $125 per month per child, "ending at majority age." The decree was entered February 1, 1980.

On August 3, 1982, through counsel, she filed a verified petition for order to show cause seeking, among other things, support of the second daughter of the parties, a disabled child, beyond the age of emancipation, pursuant to A.R.S. § 25–320(B).

The court found that the 14-year-old daughter of the parties was suffering from a disability, but concluded that how that disability would affect her emotional status and maturity after her high school years was uncertain. The court found that the issue of continuing child support past emancipation for a child that was disabled at the time the decree was entered should have been covered in the decree, and that it could not be done two years later, and therefore denied the request for child support on the ground of disability beyond emancipation.

The trial court found the appellee/husband's interest in the residence to be $9,500 and ordered payment thereof. It also found as to the wife's prayer for arrearages that the husband had overpaid $169.54 and ordered a credit. The court ordered each party to pay their own costs and attorneys fees.

■ We agree that child support for the period beyond the child's emancipation, based on her disability, should be denied at this juncture. However, we disagree with the portion of the court's order that "... FINDS the issue of continuing child support past emancipation for a child that was disabled at the time the Decree was entered should have been covered in the Decree. It cannot be done two years later." It is our opinion that this portion of the order is inconsistent with the finding that a prognostication of disability upon emancipation was conjectural. That being the case, the matter must await a time when the question may be properly evaluated. In *Provin-*

zano v. Provinzano, 116 Ariz. 571, 570 P.2d 513 (App.1977), Division One of this court considered whether A.R.S. § 25–320(B)[1] authorizes a support award for a disabled adult child when at the time of the commencement of the dissolution proceedings the disabled child had already attained adulthood, and legal custody had not been vested in either parent. The statute was amended in 1980 to add the section which appears in italics:

"B. In the case of a mentally or physically disabled child, if the court, after considering the factors set forth in subsection A, deems it appropriate, the court may order support to continue past the age of majority and to be paid to the custodial parent, guardian or child, *even if at the time of the filing of a petition or at the time of the final decree, the child has reached the age of majority.*" (Emphasis added)

Although the necessity that the court have acquired jurisdiction prior to the time the child reaches the age of emancipation as held in *Provinzano,* supra, has been eliminated by the amendment to the statute, the second part of the *Provinzano* holding survives, namely that:

" . . . there has been a contemporaneous or prior award of custody of the emancipated child to one of the parents at a proceeding wherein the emancipated child is a party and the issues of the mental or physical disability of the child are presented to the court by appropriate pleadings." 116 Ariz. at 575, 570 P.2d 513.

The child in the instant case is still a minor and the question of her needs at the time of emancipation still remains open.

▪ It is next contended that the trial court abused its discretion in awarding $9,500 as the husband's equity in the residence. The argument is made that the listing price of $119,900 on the house was far too high and that it could therefore not be sold. The wife contends that the husband delayed the sale and thus occasioned additional unnecessary expenses in dealing with the residence. The trial court apparently accepted the value for the house at approximately $90,000, a figure supported in the record as its value at the time of the marriage dissolution. That value, less approximately 10 percent for real estate fees and closing costs and the mortgages at the time of dissolution in the sum of $48,119, less $7,000 for a car allowance for the wife, as per the decree, would yield somewhere in excess of $10,000 as the husband's 40 percent. Thus, it appears that the trial court followed the terms of the decree and the amount of equity in the residence awarded the husband does not appear excessive.

▪ The wife contends that the trial court abused its discretion in not awarding an arrearage for child support in the sum of $12,278.88. The court indicated that it would examine the records of the clerk of the court's child support division where spousal maintenance and support payments were made. There was no objection. Upon this inspection, the court concluded that instead of an arrearage, a credit of $169.50 was due the husband. The wife contends that this does not take into account Christmas amounts and other fees which were paid through the clerk's office. We are not furnished in the record the information reviewed by the court and can find no abuse of discretion in the court's determination.

▪ Finally, we find no abuse of the court's discretion in not awarding attorneys fees to the wife, it appearing that she owed the husband equity in a substantial amount in the former family residence which she had placed into joint tenancy with her new husband, and where the evidence further discloses that she is employed and her for-

---

1. A.R.S. § 12–2451(A) provides:

"Every man and woman shall have the duty to provide all reasonable support for his or her natural and adopted minor, unemancipated, children, regardless of the presence or residence of the child in this state *and in the case of mentally or physically disabled children, if the court, after considering the factors set forth in § 25–320, subsection A, deems it appropriate, the court may order support to continue past the age of majority.*" (Emphasis added)

mer husband's financial resources are not extensive.

The order is affirmed as modified.

HOWARD, C.J., and BIRDSALL, J., concur.