870 P.2d 421

**Nancy Louise MENDOZA, Petitioner/Appellant,**

v.

**Joseph Robert MENDOZA, Respondent/Appellee.**

**No. 2 CA–CV 93–0147.**

Court of Appeals of Arizona, Division 2, Department B.

March 8, 1994.

John F. Corcoran, Tucson, for petitioner/appellant.

Robert A. Hirschfeld, Phoenix, for respondent/appellee.

## OPINION

ESPINOSA, Presiding Judge.

Appellant Nancy Louise Mendoza appeals from the trial court's order dismissing her petition against appellee Joseph Robert Mendoza seeking financial support for their mentally retarded adult twin children. Because we find that Nancy's petition stated a claim which the trial court had jurisdiction to entertain, we reverse.

The 1985 divorce decree, entered after both parties appeared pro se, apparently ordered Joseph to pay child support for the then-minor twins until their eighteenth birthday, but was silent as to their disability or any post-minority support.[1] Joseph continued to make irregular payments after the twins turned eighteen in 1991, but stopped making payments when Nancy asked for an increased amount of support in July 1992. Nancy filed a petition seeking support in December 1992 and the trial court appointed her guardian ad litem for the proceedings. Joseph filed a motion to dismiss and to quash the order of temporary guardianship, arguing that the domestic relations court lacked subject matter jurisdiction. The trial court granted Joseph's motion, finding that Nancy "has no legal claim which can be enforced either as a Domestic Relations matter or as a contract matter."

■ As a general rule, there is no duty to support a child who has reached the age of majority, *see* A.R.S. § 12–2451(A), and the superior court lacks jurisdiction to adjudicate the question of liability for support of a child who has reached majority. *Solomon v. Findley*, 167 Ariz. 409, 808 P.2d 294 (1991). In 1973, however, the Arizona legislature enacted A.R.S. § 25–320(B) which gave the trial courts jurisdiction to order, in the court's discretion, support of a disabled child "to continue past the age of majority...." In

---

1. The decree was not made part of the record on appeal, however both parties agree as to its contents.

*Provinzano v. Provinzano,* 116 Ariz. 571, 570 P.2d 513 (App.1977), Division One of this court held that, based on the words "may order support to continue," the authority of the court to order support under § 25–320(B) was limited to situations in which the domestic relations court had acquired jurisdiction before the child reached the age of majority.

Perhaps in response to *Provinzano,* the legislature amended § 25–320(B) in 1980 to allow the court to order support for a disabled child to continue past the age of majority, even if the court acquired jurisdiction after the child was no longer a minor. *Ferrer v. Ferrer,* 138 Ariz. 138, 673 P.2d 336 (App.1983). The statute now reads as follows:

> In the case of a mentally or physically disabled child, if the court, after considering the factors set forth in subsection A, deems it appropriate, the court may order support to continue past the age of majority and to be paid to the custodial parent, guardian or child, *even if at the time of the filing of a petition or at the time of the final decree, the child has reached the age of majority.* (Emphasis added.)

We believe the statute as amended reflects the legislature's intent to broaden the scope of the court's jurisdiction to order support of an adult, disabled child where the court deems it appropriate. In accord with that intent, we can see no reason why the court would not also have jurisdiction to entertain a petition, such as Nancy's, asking for support for disabled post-minority children who were the subjects of a prior support order. We conclude that a "petition," as used in the 1980 amendment to § 25–320(B), is not limited solely to the petition for dissolution resulting in the initial support order, but can include a new petition for support of a disabled child. Indeed, subsection A of § 25–320, in identifying the proceedings to which it applies, refers to proceedings for "dissolution of marriage, legal separation, maintenance, or child support."

Joseph suggests that Nancy is bound by her failure to include the issue of post-minority support in the decree. However, even an intentional waiver of child support is not binding on the courts and will be enforced only if the child's interests are not adversely affected. *Albins v. Elovitz,* 164 Ariz. 99, 791 P.2d 366 (App.1990). We note that there is no evidence in the record to suggest an intentional or knowing waiver. *See Ray v. Mangum,* 163 Ariz. 329, 788 P.2d 62 (1989); *Cordova v. Lucero,* 129 Ariz. 184, 629 P.2d 1020 (App.1981) (waiver of child support arrearages must be shown by clear and compelling evidence of voluntary and intentional abandonment of known right). On the contrary, Nancy asserts that the failure to address the issue of any post-minority support was a matter of oversight rather than intent.

The analysis, however, does not end here. There must further be "a contemporaneous or prior award of custody of the emancipated child to one of the parents at a proceeding wherein the emancipated child is a party and the issues of the mental or physical disability of the child are presented to the court by appropriate pleadings." *Provinzano* 116 Ariz. at 575, 570 P.2d at 517; *see Ferrer v. Ferrer, supra.* Although Nancy asserts that she was named sole guardian, conservator, and custodian of the twins in Pinal County Case P–12951, we are unable to confirm that claim from the record before us.

We conclude that Nancy's petition stated a cognizable claim under § 25–320(B) and the trial court had jurisdiction to consider her request for post-minority support of the disabled children. On remand, the trial court should determine 1) whether Nancy is in fact the custodian of the children, 2) whether Nancy's failure to seek post-minority support was intended by the parties and approved by the dissolution court, and 3) whether further support is warranted after considering the factors in § 25–320(A). We decline to grant either party's request for attorney's fees.

Reversed and remanded.

DRUKE, C.J., and HATHAWAY, J., concur.