IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| In re the Marriage of: | ) | 2 CA-CV 2010-0120 |
| | ) | 2 CA-CV 2010-0172 |
| HYATT M. GIBBS, | ) | (Consolidated) |
| | ) | DEPARTMENT B |
| Petitioner/Appellee/Cross-Appellant, | ) | |
| | ) | O P I N I O N |
| and | ) | |
| | ) | |
| LETHIA A. GIBBS, | ) | |
| | ) | |
| Respondent/Appellant/Cross-Appellee, | ) | |
| | ) | |
| | ) | |
| HYATT M. GIBBS, | ) | |
| | ) | |
| Appellee/Cross-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LETHIA A. GIBBS; VANETTA GIBBS, | ) | |
| by and through her guardian ad litem, | ) | |
| LEIGH H. BERNSTEIN, | ) | |
| | ) | |
| Appellants/Cross-Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. D68311

Honorable Howard Hantman, Judge

AFFIRMED IN PART
REVERSED IN PART AND REMANDED

Law Office of Sandra Tedlock
  By Sandra Tedlock                                                                    Tucson
                                                                Attorneys for Petitioner/
                                                                Appellee/Cross-Appellant


DeConcini McDonald Yetwin & Lacy, P.C.
  By Alyce L. Pennington and Sesaly O. Stamps                          Tucson
                                                                Attorneys for Respondent/
                                                   Appellant/Cross-Appellee Lethia Gibbs


Fleming & Curti, P.L.C.
  By Leigh H. Bernstein                                                          Tucson
                                                                 Attorneys for Appellant/
                                                      Cross-Appellee Vanetta Gibbs

K E L L Y, Judge.

¶1        Appellant Lethia Gibbs appeals the trial court's denial of her petition to reinstate child support for her disabled adult daughter, Vanetta Gibbs.[1]  Appellee Hyatt Gibbs, Vanetta's father, cross-appeals alleging the court erred in rejecting his arguments that the claim was barred by waiver, laches, and estoppel; in finding that Vanetta "is severely mentally disabled under Arizona law"; in failing to order Lethia to pay half of Vanetta's guardian ad litem fees; and in requiring that he pay half of Lethia's attorney fees.  Because we conclude the court erred in ruling Lethia's claim was precluded as res judicata, and in determining Vanetta was not a party, we reverse in part and remand for further proceedings.

---

[1]Through her guardian ad litem, Vanetta filed a separate notice of appeal.  We thereafter consolidated the appeals, and Vanetta joined in Lethia's briefs.

2

**Background**

¶2        We review the facts in the light most favorable to sustaining the trial court's rulings. *Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, ¶ 2, 224 P.3d 230, 233 (App. 2010). Hyatt and Lethia Gibbs were married in 1960. When their marriage was dissolved in 1988, they had one minor child, Vanetta, who was seventeen years old. Because Vanetta had been diagnosed with "learning disabilities" and was behind in school, the dissolution decree provided that Hyatt would continue to pay child support until Vanetta "reach[ed] the age of twenty-two . . . marrie[d], die[d], or bec[ame] totally self-supporting, whichever occur[red] first."

¶3        Shortly before Vanetta turned twenty-two, Lethia asked Hyatt to sign an agreement to pay child support for Vanetta after her twenty-second birthday. Hyatt refused, but wrote in a letter to Lethia: "Of course, she needs my continued support, both financial and moral, and she will receive both. But why make this a court action which I will deeply resent and which could easily make her believe she cannot and need not work?" In 1993, after Vanetta turned twenty-two, Hyatt filed a request to modify the 1988 order of assignment to stop child support payments. Hyatt and Lethia reached an agreement ("1993 stipulation") that "[Hyatt's] obligation to pay child support ended" when Vanetta reached twenty-two years of age. After the court entered an order terminating Hyatt's child support obligation pursuant to the 1993 stipulation ("stipulated order"), Hyatt continued to make payments directly to Vanetta for several months but then stopped.

¶4        In 2005, Lethia filed a motion to reinstate child support for Vanetta and the

trial court appointed a guardian ad litem to represent her.  By stipulation of the parties,

Vanetta underwent independent medical and psychological examinations.  Due to

continuances and settlement attempts, the motion for child support remained unresolved

in January 2010, when Hyatt filed a motion to join Vanetta as an indispensable party.

The court granted Hyatt's motion and in April 2010, following a bench trial, it held that

"Vanetta [was] severely mentally or physically disabled" and pursuant to A.R.S. § 25-

320 "met the statutory requirements for child support."  The court, however, denied

Lethia's motion to reinstate child support, determining the stipulated order precluded her

claim as res judicata.  The court further found "Vanetta is not a party in either

proceeding" and did not address her claim for child support.  Thereafter, Lethia filed a

notice of appeal on behalf of Vanetta and herself and Hyatt filed a cross-appeal.[2]

### Discussion

**I.  Claim Preclusion**

   **a.  Preclusive effect of the stipulated order on the child support claim**

¶5        Lethia and Vanetta argue the trial court erred as a matter of law in ruling

that the stipulated order barred their present claim for child support.  Although the court

rejected Hyatt's argument that Lethia had waived any claim for child support based on

the 1993 stipulation, noting that such a waiver is unenforceable if the child's interests are

affected adversely, *see Mendoza v. Mendoza*, 177 Ariz. 603, 605, 870 P.2d 421, 423

---

[2]The appeal and cross-appeal were stayed until the trial court entered an order
regarding attorney fees.

4

(1994), it agreed with Hyatt that Lethia's claim was precluded by res judicata, also known as claim preclusion. The court found that "if [Lethia] believed Vanetta was disabled in 1992-93, she should have litigated that issue at that time," and that her claim for child support therefore was precluded.

¶6 "The doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, ¶ 7, 977 P.2d 776, 779 (1999). We review a trial court's findings of fact for abuse of discretion and reverse only when clearly erroneous. *Engel v. Landman*, 221 Ariz. 504, ¶ 21, 212 P.3d 842, 848 (App. 2009). But "we 'draw our own legal conclusions from [the] facts found or implied in the judgment.'" *See id.*, *quoting McNutt v. McNutt*, 203 Ariz. 28, ¶ 6, 49 P.3d 300, 302 (App. 2002); *see also Wilmot v. Wilmot*, 203 Ariz. 565, ¶ 10, 58 P.3d 507, 510-11 (2002) (trial court's interpretation and conclusions of law reviewed de novo). Even when the technical requirements for preclusion based on a former adjudication are met, the court should not apply preclusion principles "'where there is some overriding consideration of fairness to a litigant,'" as determined by the particular case's circumstances. *See Hullett v. Cousin*, 204 Ariz. 292, ¶ 28, 63 P.3d 1029, 1035 (2003), *quoting Ferris v. Hawkins*, 135 Ariz. 329, 331, 600 P.2d 1256, 1258 (App. 1983).

¶7 We first consider whether Lethia's claim for reinstatement of child support for Vanetta meets the requirements for claim preclusion. It is undisputed that a stipulated order was entered in 1993 ending Hyatt's obligation to pay child support for Vanetta.

5

That order is preclusive only as to issues that were or could have been presented at that time. *Petitt v. Petitt*, 218 Ariz. 529, ¶ 4, 189 P.3d 1102, 1104 (App. 2008). It was entered after the parties stipulated Hyatt had no continuing obligation to pay child support, presumably because the dissolution decree did not require his support after Vanetta had reached the age of twenty-two. But the stipulated order did not address the issues of whether Vanetta suffered from disabilities, whether such disabilities were severe, or whether she had the ability to support herself. If Hyatt is correct that Lethia could have raised these issues in 1993, Lethia's claim for child support based on Vanetta's disabilities could be subject to preclusion.[3] But assuming arguendo the severity of Vanetta's disabilities could have been determined in 1993, we must consider whether the doctrine of claim preclusion should be applied in the child support context under the circumstances present here.

¶8          Claim preclusion is a judicially created doctrine. *El Paso Natural Gas Co. v. State*, 123 Ariz. 219, 223, 599 P.2d 175, 179 (1979). That doctrine, however, is not "rigidly applied . . . 'when [it] . . . would contravene an overriding public policy or result in manifest injustice.'" *Smith v. CIGNA HealthPlan of Ariz.*, 203 Ariz. 173, ¶ 21, 52 P.3d 205, 211 (App. 2002), *quoting Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 128

---

[3]In 1993, however, neither Lethia nor Hyatt could have known Vanetta's disabilities might prevent her from obtaining employment so that she could not become self-supporting. This is especially true because, as the trial court recognized, Asperger's Syndrome as an independent diagnosis, and the potential ramifications of the diagnosis, "did not exist in the U.S. Diagnostic scales before 1994." And it also was not until after the stipulated order that the Social Security Administration determined Vanetta was severely impaired and qualified as disabled under the Social Security Act, 42 U.S.C. §§ 301–1397.

(6th Cir. 1971). Moreover, Arizona's child support statutes provide that support may be modified even after the entry of a final order upon a showing of substantial and continuing changed circumstances. A.R.S. § 25-327(A); *Little v. Little*, 193 Ariz. 518, ¶ 6, 975 P.2d 108, 110-11 (1999). When evaluating whether such a modification is appropriate, "the primary, paramount and controlling consideration is the welfare of the child[]." *Evans v. Evans*, 17 Ariz. App. 323, 325, 497 P.2d 830, 832 (1972).

¶9 Section 25-320 also gives the trial court jurisdiction to order, in its discretion, support of a disabled child to continue past the age of majority. 1973 Ariz. Sess. Laws, ch. 139, § 2. The statute provides that "[e]ven if a child is over the age of majority when a petition is filed or at the time of the final decree, the court may order support to continue past the age of majority[,]" if certain conditions are met. And we have concluded the plain language of § 25-320 permits the court to order support for a disabled adult child even if there is no such order in place before the child reaches the age of majority. *Gersten v. Gersten*, 223 Ariz. 99, ¶ 26 & n.12, 210 P.3d 309, 317-18 & n.12 (App. 2009).

¶10 To interpret a statute we first look to the language therein and give the words used their plain meaning, unless context demands otherwise. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 71, 105 P.3d 1163, 1178 (2005). We interpret statutes with the goal of "'fulfill[ing] the intent of the legislature.'" *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996), *quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993).

¶11     In *Mendoza*, we determined § 25-320 "allow[ed] the court to order support for a disabled child to continue past the age of majority, even if the court acquired jurisdiction after the child was no longer a minor." 177 Ariz. at 605, 870 P.2d at 423. We concluded this provision reflected an "intent to broaden the scope of the court's jurisdiction to order support of an adult, disabled child where the court deems it appropriate." *Id.* And we determined that even if a dissolution decree was silent as to continued support after the child reached the age of majority, its silence did not deprive the trial court of jurisdiction over the matter, and the child might be entitled to continuing support based on disability. *Id.*

¶12     Our legislature has established a statutory scheme that permits modification of a child support judgment upon a showing of substantial and continuing changed circumstances and explicitly has provided the trial courts with continuing jurisdiction to order support for an adult, disabled child, even if the claim is not brought until after the child has passed the age of majority. §§ 25-320(E), 25-327(A); *see also Gersten*, 223 Ariz. 99, ¶¶ 22-26, 219 P.3d at 316-18; *Mendoza*, 177 Ariz. at 605, 870 P.2d at 423. As Lethia's counsel stated during oral argument before this court:

> The child support statute contemplates the issue of child support [a]s a continuing one for as long as the child is eligible. . . . The issue of child support is not a single discrete claim subject to final . . . adjudication, . . . it is more fairly regarded as a series of claims subject to the court's ongoing jurisdiction . . . and always hinged on the best interests of the child.

To the extent there is a conflict between policies behind claim preclusion and those expressed through the statutes addressing child support modification, the legislature's

8

word controls. *See Taylor v. Graham County Chamber of Commerce*, 201 Ariz. 184, ¶ 27, 33 P.3d 518, 525 (App. 2001) ("when . . . the legislature has clearly spoken on a matter within its domain, its word constitutes public policy on that subject and controls"). Thus, although the doctrine of res judicata enforces important principles of judicial economy and finality, its application, under the specific circumstances here, would undermine the public policy expressed in our applicable child support modification statutes by preventing consideration of changed circumstances. We therefore conclude the trial court erred in precluding Lethia's claim on this basis.

### b. Applicability of claim preclusion to Vanetta

¶13 In its ruling concluding claim preclusion applied to the motion to reinstate child support, the trial court stated that the parties to the current proceeding were the same as those who signed the 1993 stipulation. The court explained that "[a]lthough Mother's request for child support is for Vanetta's benefit, Vanetta is not a party in either proceeding." Both Vanetta and Lethia argue this ruling is clearly erroneous because Vanetta was joined as a party at Hyatt's request. We agree, and Hyatt apparently concedes, Vanetta was a party. As such, the court's determination was clearly erroneous and it therefore erred in failing to consider Vanetta's own claim for support before denying the motion.

¶14 On appeal, Lethia argues that Vanetta could not have been in privity with her regarding the 1993 stipulated order and therefore cannot be bound by that order. But because Lethia did not raise this claim in the trial court, we do not consider it. *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, ¶ 17, 158 P.3d 232, 238 (App.

2007) (we will not consider on appeal issues trial court did not consider or have opportunity to address).[4] Moreover, because we have determined the trial court erred in applying the doctrine of claim preclusion to Lethia's action, we need not address whether Vanetta and Lethia were in privity. And because we conclude the court erred both in finding Lethia's claim for child support precluded and in finding Vanetta was not a party in her own right, we remand the case to the trial court to decide the matter on its merits as to both Lethia and Vanetta.

**II. Cross-issues**

¶15       In his combined answering brief and opening brief on cross-appeal, Hyatt contends that even if Lethia's and Vanetta's claims were not barred by res judicata, they otherwise were precluded by the doctrines of waiver, laches, and equitable estoppel, and that the trial court erred in determining these doctrines did not apply. He also challenges the court's finding that Vanetta was severely disabled under § 25-320(E), its award of attorney fees to Lethia, and its failure to require Lethia to pay half of the guardian ad litem fees for Vanetta. Lethia and Vanetta filed a motion in this court asking that we strike portions of Hyatt's reply brief on cross-appeal in which he argued the trial court erred in ruling waiver, laches and estoppel did not apply and in finding Vanetta was

---

[4]Lethia's counsel explained at oral argument that she had discussed privity in her opening brief because it appeared the trial court had concluded Vanetta was in privity with Lethia in the original case and therefore was bound by the stipulated order. If such were the case, Lethia's arguments regarding privity would not be waived. *See Parkinson v. Guadalupe Pub. Safety Ret. Local Bd.*, 214 Ariz. 274, ¶ 12, 151 P.3d 557, 560 (App. 2007) ("We will affirm the superior court if its ruling was 'correct for any reason, even if that reason was not considered' by the court."), *quoting Glaze v. Marcus*, 151 Ariz. 538, 540, 729 P.2d 342, 344 (App. 1986).

severely disabled. They argued that Hyatt's reply brief on cross-appeal contained arguments "relevant only to the issues raised in the direct appeal, not the cross-appeal." We agreed and granted the motion to strike. We therefore consider only as cross-issues the applicability of the doctrines of waiver, laches, and estoppel, and whether the trial court erred in finding Vanetta disabled under Arizona law. *See CNL Hotels & Resorts, Inc. v. Maricopa County*, 226 Ariz. 155, ¶ 37 & n.6, 244 P.3d 592, 600 & n.6 (App. 2010).

### a. Waiver, laches, and equitable estoppel

¶16    Although we will affirm the trial court if its ruling was correct for any reason, we are not persuaded that the court erred in rejecting Hyatt's arguments that the doctrines of waiver, laches, and equitable estoppel should preclude the motion for child support. *See* Ariz. R. Civ. App. P. 13(b)(3) (appellate court may affirm judgment based on any grounds when issues properly presented to trial court); *Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, ¶ 9, 171 P.3d 1219, 1222 (2007) ("An appellate court must determine whether the judgment, not the reasoning, of the superior court was correct."). We accept the court's factual findings unless clearly erroneous. *Engel*, 221 Ariz. 504, ¶ 21, 212 P.3d at 848. Although "we 'draw our own legal conclusions from [the] facts found or implied in the judgment,'" based on the record before us we cannot say the court erred in its determination on any of these issues. *See id.*

¶17    Hyatt argues the doctrine of waiver should apply to Lethia because Vanetta's interests were not adversely affected by the stipulated order. *See Mendoza*, 177 Ariz. at 605, 870 P.2d at 423. We agree, however, with the trial court's conclusion that

11

Vanetta's Social Security benefits were not sufficient to support the conclusion that "Vanetta's interests [were] not adversely affected." On the issues of laches and equitable estoppel, the court found that Hyatt had "offered no evidence, expert or otherwise," to support his claims of prejudice and injury. We see no error with the court's findings. Delay alone cannot establish a defense of laches, and failure to act does not make out a claim for estoppel. *See Decker v. Hendricks*, 97 Ariz. 36, 40, 396 P.2d 609, 611 (1964) (estoppel); *In re Paternity of Gloria*, 194 Ariz. 201, ¶ 13, 979 P.2d 529, 531-32 (App. 1998) (laches). We therefore find no error in the court's rejection of Hyatt's alternate grounds for preclusion.

### b. Section 25-320(E) disability

¶18 Hyatt also argues the trial court's finding that "Vanetta is severely mentally disabled under Arizona law" was "not supported by the evidence" and that "many facts show that Vanetta is not severely mentally disabled." Section 25-320(E) provides:

> Even if a child is over the age of majority when a petition is filed or at the time of the final decree, the court may order support to continue past the age of majority if all of the following are true:
>
> 1. The court has considered the factors prescribed in subsection D of this section.
>
> 2. The child is severely mentally or physically disabled as demonstrated by the fact that the child is unable to live independently and be self-supporting.
>
> 3. The child's disability began before the child reached the age of majority.

12

We defer to a trial court's findings of fact unless they are clearly erroneous. *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, ¶ 10, 96 P.3d 530, 535 (App. 2004). The presence of contrary facts does not render a trial court's factual determinations clearly erroneous. *Id.*

¶19 The evidence presented below established that Vanetta was severely impaired and therefore eligible for Social Security disability benefits as a disabled dependent of Hyatt, which requires in part that her disability existed prior to her eighteenth birthday. Two experts testified Vanetta had multiple physical and mental impairments. These impairments included learning disabilities, auditory processing problems, emotional difficulties, depression and possibly bipolar disorder and/or a personality disorder. One expert diagnosed her with Asperger's Syndrome and testified that "she . . . would have at a young age qualified for [this] diagnosis." Both experts agreed Vanetta was unable to live independently without monitoring and support. Because substantial evidence underlies the court's finding that Vanetta was severely mentally disabled and that her disability had existed before the age of majority, there was no error.

## III. Cross-appeal

### a. Lethia's attorney fees

¶20 In his cross-appeal, Hyatt contends the trial court erred in ordering him to pay half of Lethia's attorney fees. We review the court's award of attorney fees for an abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 18, 99 P.3d 1030, 1035 (App. 2004). We will not reverse such an award "'if there is any reasonable

13

basis for it.'" *Id.*, *quoting Hale v. Amphitheater Sch. Dist. No. 10*, 192 Ariz. 111, 117, 961 P.2d 1059, 1065 (App. 1998). Relying on *In re Marriage of Williams*, 219 Ariz. 546, 200 P.3d 1043 (App. 2008), Hyatt contends the court abused its discretion by failing "to consider the financial resources of both parties." He maintains the court erred in awarding attorney fees to Lethia "based solely on the parties' disparity in incomes."

**¶21** The trial court received evidence regarding "financial resources of both parties," including financial affidavits and testimony. Although the court did not detail the parties' financial resources in the context of its fee award, we presume it fully considered the relevant evidence.[5] *See Fuentes v. Fuentes*, 209 Ariz. 51, ¶ 18, 97 P.3d 876, 880-81 (App. 2004) (evidence admitted in trial court "presumed to have been fully considered"). Further, "an award of fees can be appropriate simply because an income disparity exists, and it is not necessary to also inquire into whether the fee applicant is actually able to pay his or her own fees." *Magee v. Magee*, 206 Ariz. 589, ¶ 12, 81 P.3d 1048, 1051 (App. 2004). The court, therefore, did not err in awarding attorney fees to Lethia based on the disparity in the parties' income. *See Pearson v. Pearson*, 190 Ariz. 231, 236, 946 P.2d 1291, 1296 (App. 1997) (decision on attorney fees "lies within the trial court's sound discretion, 'with the focus on the parties' relative abilities to pay the fees incurred'"), *quoting Hrudka v. Hrudka*, 186 Ariz. 84, 94-95, 919 P.2d 179, 189-90 (App. 1995).

---

[5]We assume the trial court's reference in its ruling to § 25-314, rather than § 25-324, is a clerical error.

### b.  Guardian ad litem fees

**¶22**    When the trial court ordered the appointment of a guardian ad litem for Vanetta, it specified that "[Hyatt] shall be initially responsible for the cost, subject to contribution by the respondent after the parties' financial situations have been assessed." In September 2005, the court's ruling appointing Leigh Bernstein as guardian ad litem provided that "[p]ayment . . . shall be shared equally between the parties."  The court's final order did not address guardian ad litem fees.  On this record, we cannot conclude this omission was anything more than an oversight by the court which can be addressed on remand.

## IV.  Attorney Fees on Appeal

**¶23**    Pursuant to Rule 21, Ariz. R. Civ. App. P. and A.R.S. § 25-324, Lethia requests attorney fees on appeal.  "Section 25-324 requires us to examine both the financial resources and the reasonableness of the positions of each party."  *Leathers v. Leathers*, 216 Ariz. 374, ¶ 22, 166 P.3d 929, 934 (App. 2007).  Although we are aware there is a disparity between Lethia's and Hyatt's financial resources, Hyatt is responsible for half of Lethia's and all of his own attorney fees below, as well as his own fees on appeal.[6]  Further, although Hyatt contends Lethia's position on appeal was unreasonable, we conclude neither party has taken an unreasonable position on appeal.  In our discretion, we deny Lethia's request for attorney fees on appeal.

---

[6]Because the trial court's initial order did not require Lethia to contribute to Vanetta's guardian ad litem fees, Hyatt remains responsible for Vanetta's fees on appeal. To the extent Hyatt requests that Lethia be ordered to pay half of Vanetta's fees on appeal, we decline to enter such an order and leave the trial court's order intact.

**Disposition**

¶24      The trial court's order denying Lethia's motion based on claim preclusion is vacated and the case is remanded for further proceedings consistent with this opinion.


                                        /s/ *Virginia C. Kelly*
                                        VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge