NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TONI LEIER, *Petitioner/Appellant*,

*v.*

NATHAN WU, *Respondent/Appellee*.

No. 1 CA-CV 22-0778 FC
FILED 8-01-2023

Appeal from the Superior Court in Maricopa County
No. FC2018-050387
The Honorable Paula A. Williams, Judge

**AFFIRMED**

COUNSEL

The Law Office of Charles Brown PLLC, Phoenix
By Charles W. Brown Jr.
*Counsel for Petitioner/Appellant*

Singer Pistiner PC, Scottsdale
By Robert S. Singer
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1      Toni Leier (Mother) appeals from a post-decree judgment denying her request to relocate with a minor child shared with Nathan Wu (Father). Because Mother has shown no error, the judgment is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2      In 2019, the superior court resolved Mother's petition to establish paternity, legal decision-making authority, parenting time and child support. The court entered a final decree establishing paternity, ordering joint legal decision-making authority, and setting a parenting schedule that graduated to equal parenting time. Starting in 2020, the parents have shared equal parenting time.

¶3      In 2021, Father learned of Mother's intent to relocate to another state and petitioned the court to prevent the child's relocation. In her joint pretrial statement, Mother raised issues of relocation, parenting time, legal decision-making authority and child support. After an evidentiary hearing, the court issued a final judgment denying relocation. In its ruling, the court made factual findings pursuant to its obligation to consider the best interests of the child, noting previous positions taken by Mother leading to the 2019 decree.

¶4      This court has jurisdiction over Mother's timely appeal under A.R.S. § 12-2101(A)(2).

### DISCUSSION

¶5      Mother argues claim preclusion prevented the court from relying on positions Mother took leading to the 2019 decree. Issues of law, like whether claim preclusion applies, are reviewed de novo. *Lawrence T. v. Dep't of Child Safety*, 246 Ariz. 260, 262 ¶ 7 (App. 2019). The denial of an order preventing relocation, however, is reviewed for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 176 ¶ 5 (App. 2016).

**¶6**　　　　Claim preclusion bars a subsequent claim when a court renders a final judgment on the merits in a previous action and did or might have determined the matter raised in the subsequent claim between the same parties. *In re Marriage of Gibbs*, 227 Ariz. 403, 406-07 ¶¶ 6-8 (App. 2011) (citing authority). Here, at the time of the 2019 proceeding leading to the decree, Mother was not seeking to relocate. Accordingly, the court could not have determined that issue, meaning claim preclusion does not apply. *Id*.

**¶7**　　　　Moreover, the legal issues of parenting time, legal decision-making authority, and relocation require the court to consider the child's best interests and certain other enumerated factors. A.R.S § 25-403 (parenting time and legal decision-making authority); A.R.S § 25-403.01 (legal decision-making authority); A.R.S. § 25-408(H)-(I) (relocation). Although the court considered the best interests of the child during the 2019 proceeding when it adjudicated parenting time and legal decision-making authority, claim preclusion did not prevent the court from again determining the best interests of the child as required by A.R.S. § 25-408(I) in the later relocation proceeding.

**¶8**　　　　During the relocation proceeding, the court held an evidentiary hearing, considered different evidence, performed a best interests analysis and made detailed findings of fact required by A.R.S. §§ 25-408(I) and 25-403. The court considered whether, under § 25-408(I)(2), relocation was being made in good faith and not to interfere with or frustrate the relationship between the child and Father or Father's right of access to the child. As part of that analysis, the court noted positions taken by Mother during the 2019 proceeding, including her position that Father be limited to supervised parenting time and that she have sole legal decision-making authority. Pursuant to A.R.S. § 25-403(A)(6), the court also considered which parent would be more likely to allow the child frequent meaningful and continuing contact with the other parent, again noting Mother's previous positions.

**¶9**　　　　Ultimately, the court did not deny Mother's request to relocate based on these previous positions. Despite noting Mother's previous positions, the court found that the parties were acting in good faith and would comply with court orders. The court specifically noted that Mother sought relocation to join her husband, whom she married in 2021, knowing he was not living in Arizona and that her marriage would create the relocation issue.

**¶10**     Claim preclusion does not apply, and the court did not abuse its discretion in denying Mother's request to relocate with the minor child.

## CONCLUSION

**¶11**     The judgment is affirmed. In the exercise of the court's discretion, Father's request for attorneys' fees is denied. Father is, however, awarded his taxable costs incurred on appeal, contingent upon his compliance with ARCAP 21.

