NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ELIZABETH ARCHULETA, *Petitioner/Appellee,*

*v.*

ABRAHAM VARGAS, *Respondent/Appellant.*

No. 1 CA-CV 23-0068
FILED 2-15-2024

Appeal from the Superior Court in Maricopa County
No.  FC2021-093920
The Honorable Harriet M. Bernick, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Mesa
By Emily M. Stokes
*Counsel for Petitioner/Appellee*

Abraham Vargas, Kingman
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

---

**M O R S E**, Judge:

¶1        Abraham Vargas ("Father") appeals the superior court's order denying his motion to redetermine paternity as to K.V. ("Child").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In March 2019, Elizabeth Archuleta ("Mother") gave birth to Child.  Three days after Child's birth, Father and Mother signed an acknowledgment of paternity.

¶3        In August 2021, the State filed a petition to establish Father's child support obligation, providing "paternity has been determined" under A.R.S. §§ 25-809, 25-812, and 25-815.  The court ordered Mother and Father to complete a parenting class and attend a settlement conference.  The court later set a pre-hearing conference and an establishment hearing for November 2021.  During the pre-hearing conference, Father agreed to pay child support.  Following the hearing, the court determined Father is the "natural father" of Child, established Father's child support obligation, and issued an appealable order under Arizona Rule of Family Law Procedure ("Rule") 78(c).  Father did not appeal.  Ten months later, the court reduced Father's child support obligation to zero due to his incarceration.

¶4        In November 2022, Father moved the court to order genetic testing and to make a new paternity determination as to Child.  The State argued that Father's motion should be denied because Father voluntarily signed an acknowledgment of paternity after Child's birth and failed to meet the timing requirements under Rule 85(c).  The court denied Father's motion, and he timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶5        Father argues that the court abused its discretion in denying his motion to order genetic testing and redetermine paternity.  "We

2

generally review the denial of a motion for relief from judgment under Rule 85 for an abuse of discretion," but we consider de novo "the court's conclusions of law." *Johnson v. Edelstein*, 252 Ariz. 230, 233, ¶ 12 (App. 2021).

¶6  Father asserts that Rule 85(c) allows a parent to challenge an acknowledgment of paternity in "this state at any time after the sixty day[] time period." *See* A.R.S. § 25-812(E) (providing for a challenge to a paternity acknowledgment after sixty days "only on the basis of fraud, duress or material mistake of fact"). But because Father signed the acknowledgment of paternity in March 2019, and did not challenge paternity during the subsequent child-support litigation, his November 2022 motion is barred by the doctrine of claim preclusion. *See Pettit v. Pettit*, 218 Ariz. 529, 533, ¶ 10 (App. 2008) (precluding the father from litigating paternity after failing to do so in a prior proceeding). Claim preclusion applies "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *In re Marriage of Gibbs*, 227 Ariz. 403, 406, ¶ 6 (App. 2011).

¶7  In the context of child support and paternity issues, claim preclusion covers "not only upon facts actually litigated but also upon those points which might have been litigated." *Pettit*, 218 Ariz. at 533, ¶ 10 (quoting *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 174 (App. 1987)). In *Pettit*, we found that claim preclusion applied because the father "could have contested Mother's claim for child support . . . by denying paternity and requesting that the court order blood testing . . . to determine whether he is the biological father . . . ." *Id.* Claim preclusion also applies here—Father could have challenged paternity during the 2021 child-support proceedings, and he is precluded from doing so now. The court did not abuse its discretion in denying Father's motion.[1]

¶8  In a list of "question's for disclosure" in his opening brief, Father raises two issues regarding a motion purportedly filed by Mother and the signature on Child's birth certificate. But Father fails to develop any factual or legal basis for these issues in his briefing. *See* ARCAP 13(a)(7)(A) (requiring appellants to provide "citations of legal authorities and appropriate references to the portions of the record" on which they rely to support their arguments). An appellant who fails to comply with ARCAP 13 "waive[s] issues and arguments 'not supported by adequate

---

[1] "Although the doctrine of claim preclusion was not relied on by the family court in denying Father's requests, we will affirm the court's ruling on any legal theory supported by the record." *Pettit*, 218 Ariz. at 531, ¶ 4.

explanation, citations to the record, or authority.'" *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quoting *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013)). "Courts hold unrepresented litigants in Arizona to the same standards as attorneys and do not afford them special leniency." *Id.* Thus, these issues are waived.

**CONCLUSION**

**¶9**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA